IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT AND MARLA NORRIS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| CITY OF WATERLOO, and | ) |
| WATERLOO PARK DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. JURISDICTION AND VENUE

This Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331.

Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of the property that is subject to the action is situated in the Southern District of Illinois.

### II. INTRODUCTION AND NATURE OF THE ACTION

In this civil action plaintiffs seek compensatory and punitive damages from defendants pursuant to 42 U.S.C. §1983, to redress the deprivation of plaintiffs' rights secured by Article VI, and the First, Fifth, and Fourteenth Amendments to the United States Constitution and various provisions of the laws of the United States and the State of Illinois. As described in detail herein, defendants conspired together, and then individually and jointly committed acts, under color of State law, which deprived plaintiffs of these rights.

Plaintiffs now seek compensatory and punitive damages from defendants to compensate them for the severe financial and personal losses plaintiffs have suffered because of defendants' conduct.

### GENERAL ALLEGATIONS, INCLUDING PARTIES AND FACTS

1. Plaintiffs, Scott and Marla Norris, own a real property and single family residence and reside at 217 Magnolia Avenue in Waterloo, Illinois.

2. The defendant, City of Waterloo, Illinois, is a municipality formed pursuant to the statutes of the State of Illinois, and has all the powers ascribed thereto, including the ability to zone real property and restrict the uses of real property.

3. Defendant, Waterloo Park District is a park district organized under the laws of the State of Illinois.

4. All parties are residents of Monroe County, Illinois, which is situated in the Southern District of Illinois.

5. Pursuant to 65 ILCS 5/11-13-1, Defendant, City of Waterloo may pass ordinances which regulate Zoning and the use of real property within its boundaries.

6. The Defendant, City of Waterloo has utilized this power to zone the City into different property classifications that have specific allowable uses.

7. The Defendant, City of Waterloo also is authorized and required by 65 ICLS 5/11-13-1.1 to classify real property for a special use within a given zoning designation by issuing special use permits.

8. In issuing special use permits pursuant to 65 ILCS 5/11-13-1.1, a special use permit may only be permitted only after a public hearing before some commission or committee designated by the corporate authority.

2

9. The Defendant, City of Waterloo has designated a Zoning Board of Appeals to conduct such public hearings for the determination of the appropriateness of special use permits.

10. The Zoning Board of Appeals is charged with making the determination of whether a specific special use permit should be granted and is required to consider many factors, including the effect the proposal would have on the health, welfare, safety, and morals and comfort of area residents according to City Code section 40-9-4.

11. According to City Code section 40-9-7, before the Zoning Board of Appeals may issue a recommendation to grant a special use permit, it must find that 1) the adjustment of an existing non-conforming use will make the use more compatible with the surroundings; 2) the use will protect the public health, safety, and welfare; 3) will not hurt property values; and 4) will not damage or destroy the essential character of the district in which it is located.

12. Section 40-10-2 of the City Code states that a change to a non-conforming use of any property shall require a special use permit and therefore a public hearing.

13. The Waterloo Park District is a political subdivision organized under the laws of the state of Illinois and has all the powers vested thereto including the power to own and operate real property for the purpose of achieving its mission of operating parks and recreation areas.

14. Historically, the Defendant, Waterloo Park District owned and operated a pool and tennis court facility in an area commonly known as Koenigsmark Park which is directly adjacent to the plaintiff's residence, with the tennis court being situated approximately 15 feet from the rear property line of the plaintiffs' residence.

15. The pool was closed prior to 2011.

16. At some point, the Defendant, Waterloo Park District decided to locate a skate park on the site of the tennis court, which constituted a non-conforming use of the property.

17. It is common knowledge that skate parks have the potential to be loud, disruptive, and disturbing to the adjacent property owners to the park.

18. Locating a skate park is a process that requires studies and research to determine whether the location of the skate park is proper.

19. The Defendant, City of Waterloo had knowledge that the Waterloo Park District intended to locate the skate park on the tennis courts adjacent to Plaintiffs' property.

20. In the 4th quarter of 2011, with the knowledge and acquiescence of the City of Waterloo, the Waterloo Park District installed metal ramps and rails, painted and repaired fencing, erected lighting and installed other equipment and opened the skate park at the tennis courts adjacent to Plaintiffs' property.

21. After its opening, individuals, mostly juveniles, began using the facility and in doing so, generated noise that disturbed the quiet enjoyment of Plaintiffs' property both in the loud noise generated by the skate boards, bicycles and roller skates on the metal ramps as well as raucous outbursts of the visitors including the shouting of profanities disturbing Plaintiffs' property and the other property owners surrounding the park.

22. The park district also operates bright lights at the facility that shine directly into the Plaintiff's property and breach their quiet enjoyment of their property.

## COUNT I
### (DENIAL OF PROCEDURAL DUE PROCESS)

23. Plaintiffs repeat and reallege as though fully set forth herein each of the allegations set forth in paragraphs 1 through 22.

24. In violation of 42 U.S.C. § 1983, the Defendants, by the foregoing described conduct, conspired together and then acted under color of State law to deny the Plaintiffs their

protected procedural due process rights under the Fourteenth Amendment of the United States Constitution because the Defendants purported to revoke, limit or annul Plaintiffs' right to its property and did so:

    a.    without notice;

    b.    without a hearing;

    c.    without any action by the City of Waterloo; and

    d.    in violation of statute and case law proscriptions on such conduct.

25. The Defendants' conduct was oppressive, malicious, and motivated by evil motive and intent, or was undertaken with callous or reckless indifference to the constitutionally protected rights of Plaintiffs.

26. The Defendants' conduct caused plaintiffs to suffer damages.

WHEREFORE, Plaintiffs demand judgment:

(a) Awarding compensatory damages against defendants, jointly and severally, in an amount adequate and sufficient to compensate plaintiffs for all their losses, as shall be determined by the trier of fact;

(b) Awarding punitive damages against defendants, jointly and severally, in an amount that is adequate to punish and deter defendants with respect to their wrongful conduct, as shall be determined by the trier of fact;

(c) Awarding reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

(d) Awarding the costs of this action; and

(e) Awarding such other, further or different relief as the Court may deem just and proper.

## COUNT II
## (DENIAL OF EQUAL PROTECTION)

27. Plaintiffs repeat and reallege as though fully set forth herein each of the allegations set forth in paragraphs 1 through 26.

28. In violation of 42 U.S.C. § 1983, defendants, by the foregoing described conduct, conspired together and then acted under color of State law to deny Plaintiffs equal protection of the laws, as secured to them under the Fifth and Fourteenth Amendments of the United States Constitution because the Defendants purported to revoke, limit or annul Plaintiffs' right to its property and did so:

    a. without notice;

    b. without a hearing;

    c. without any action by the City of Waterloo; and

    d. in violation of statute and case law proscriptions on such conduct.

29. The Defendants' conduct was oppressive, malicious, and motivated by evil motive and intent, or was undertaken with callous or reckless indifference to the constitutionally protected rights of Plaintiffs.

30. The Defendants' conduct caused plaintiffs to suffer damages.

WHEREFORE, Plaintiffs demand judgment:

(a) Awarding compensatory damages against defendants, jointly and severally, in an amount adequate and sufficient to compensate plaintiffs for all their losses, as shall be determined by the trier of fact;

(b) Awarding punitive damages against defendants, jointly and severally, in an amount that is adequate to punish and deter defendants with respect to their wrongful conduct, as shall be determined by the trier of fact;

(c) Awarding reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

(d) Awarding the costs of this action; and

(e) Awarding such other, further or different relief as the Court may deem just and proper.

## COUNT III
### (ABUSE OF GOVERNMENTAL POWER AND DENIAL OF SUBSTANTIVE DUE PROCESS)

31. Plaintiffs repeat and reallege as though fully set forth herein each of the allegations set forth in paragraphs 1 through 30.

32. In violation of 42 U.S.C. § 1983, defendants, by the foregoing described conduct, conspired together and then acted under color of State law to deny Plaintiffs their protected substantive due process rights under the Fourteenth Amendment of the United States Constitution because:

    a. their conduct was arbitrary and an abuse of governmental power;

    b. their conduct was not rationally related to a legitimate governmental interest; and/or

    c. their conduct was motivated by bias, bad faith or improper motive.

33. Defendants' conduct was oppressive, malicious, and motivated by evil motive and intent, or was undertaken with callous or reckless indifference to the constitutionally protected rights of Plaintiffs.

34. Defendants' conduct caused plaintiffs to suffer damages.

WHEREFORE, Plaintiffs demand judgment:

(a) Awarding compensatory damages against defendants, jointly and severally, in an amount adequate and sufficient to compensate plaintiffs for all their losses, as shall be determined by the trier of fact;

(b) Awarding punitive damages against defendants, jointly and severally, in an amount that is adequate to punish and deter defendants with respect to their wrongful conduct, as shall be determined by the trier of fact;

(c) Awarding reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

(d) Awarding the costs of this action; and

(e) Awarding such other, further or different relief as the Court may deem just and proper.

## COUNT IV
### (ABUSE OF GOVERNMENTAL POWER AND VIOLATION OF EMMINENT DOMAIN PURSUANT TO ILLINOIS CONSTITUTION)

35. Plaintiffs repeat and reallege as though fully set forth herein each of the allegations set forth in paragraphs 1 through 34.

36. In violation of Illinois Constitution, Article I, Section 15, defendants, by the foregoing described conduct, conspired together and then acted under color of State law to deny Plaintiffs their protected substantive due process rights under the Illinois Constitution because:

    a. their conduct was arbitrary and an abuse of governmental power;

    b. their conduct was not rationally related to a legitimate governmental interest; and/or

    c. their conduct was motivated by bias, bad faith or improper motive.

37. Defendants' conduct was oppressive, malicious, and motivated by evil motive and intent, or was undertaken with callous or reckless indifference to the constitutionally protected rights of Plaintiffs.

38. Defendant's violated Illinois Constitution, Article I, Section 15 by taking Plaintiffs' property without just compensation.

39. Defendants' conduct caused plaintiffs to suffer damages.

WHEREFORE, Plaintiffs demand judgment:

(a) Awarding compensatory damages against defendants, jointly and severally, in an amount adequate and sufficient to compensate plaintiffs for all their losses, as shall be determined by the trier of fact;

(b) Awarding punitive damages against defendants, jointly and severally, in an amount that is adequate to punish and deter defendants with respect to their wrongful conduct, as shall be determined by the trier of fact;

(c) Awarding reasonable attorney's fees;

(d) Awarding the costs of this action; and

(e) Awarding such other, further or different relief as the Court may deem just and proper.

## COUNT V
### (COMPLAINT FOR INVERSE CONDEMNATION)

Now comes the plaintiffs, Scott and Marla Norris, by and through their attorneys, Clayborne, Sabo, & Wagner, LLP, and for their Complaint for inverse condemnation against the defendant, City of Waterloo, a municipal corporation, state:

40. That at all times relevant herein, the Plaintiffs, Scott and Marla Norris, own a real property and single family residence and reside at 217 Magnolia Avenue in Waterloo, Illinois.

41. That in the 4th quarter of 2011, the defendant, City of Waterloo, a municipal corporation, allowed the Waterloo Park District to install metal ramps and rails, paint and repair fencing, erect lighting and install other equipment and open the skate park at the tennis courts adjacent to Plaintiffs' property., without the consent of Norris and without the payment of just compensation.

42. As a proximate result of the defendant's, City of Waterloo, actions as stated above, the defendant, the City of Waterloo, has, within the meaning of Article 1, Section 15, of the Constitution of the State of Illinois and 735 ILCS 30/10-5-5, taken the Norris' property right in the economic value of Norris' real estate.

43. The defendant, City of Waterloo, contrary to the provisions of Article 1, Section 15, of the Constitution of the State of Illinois and 735 ILCS 30/10-5-5, has failed and/or refused to pay just compensation for the taking of Norris' property right in the economic value of Norris' real estate.

WHEREFORE, the plaintiffs pray for judgment against the defendants, jointly and severally, for just compensation in an amount equal to the taken value of the plaintiffs' property right in the economic value of plaintiffs' real estate, for reasonable attorney's fees, for costs of this action, and such other, further or different relief as the Court may deem just and proper.

## COUNT VI
## (COMPLAINT FOR DAMAGES)

Now comes the plaintiffs, Scott and Marla Norris, by and through their attorneys, Clayborne, Sabo, & Wagner, LLP, and for their Complaint for damages against the defendant, City of Waterloo, a municipal corporation, state:

44. That at all times relevant herein, the Plaintiffs, Scott and Marla Norris, own a real property and single family residence and reside at 217 Magnolia Avenue in Waterloo, Illinois.

45. That in the 4th quarter of 2011, the defendant, City of Waterloo, a municipal corporation, allowed the Waterloo Park District to install metal ramps and rails, paint and repair fencing, erect lighting and install other equipment and open the skate park at the tennis courts adjacent to Plaintiffs' property, without the consent of Norris and without the payment of just compensation.

46. As a proximate result of the defendant's, City of Waterloo, actions as stated above, the defendant, the City of Waterloo, has, within the meaning of Article 1, Section 15, of the Constitution of the State of Illinois and 735 ILCS 30/10-5-5, taken the Norris' property right in the economic value of Norris' real estate.

47. The defendant, City of Waterloo, contrary to the provisions of Article 1, Section 15, of the Constitution of the State of Illinois and 735 ILCS 30/10-5-5, has failed and/or refused to pay just compensation for the taking of Norris' property right in the economic value of Norris' real estate.

WHEREFORE, the plaintiff prays for judgment for assessed damages against the defendant and for such other and further relief as this Court may deem just and proper.

## COUNT VII
### (PETITION FOR DECLARATORY JUDGMENT)

48. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. The conversion of the tennis courts at Koenigsmark Park to a skate park represented a change in the use of the property that should have required a special use permit and a public hearing by the Zoning Board of Appeals pursuant to City Code Section 40-10-2.

50. The Defendant had a ministerial duty to require a public hearing on the issue of the use of the property at Koenigsmark Park in the following ways:

11

(a) The Zoning Board should have been required to give public notice of the hearing; and

(b) The Zoning Board should have been required to conduct a hearing; and

(c) The Zoning Board should have issued a written determination of its findings and forwarded that to the City Council; and

(d) The City Council should have voted on the ultimate issue of the issue of a special use permit for the construction of the skate park.

51. Defendant failed to take these steps that were required of it by City Code and State Statute and as a result, Plaintiffs have been damaged by a breach of the right to quiet enjoyment of their real property and a diminution in the value of their real property.

WHEREFORE, the plaintiffs, SCOTT AND MARLA NORRIS, pray this Court enter judgment in its favor which would provide the following:

(a) An Order declaring the conversion of the tennis court at Koenigsmark Park to a skate park represented a change in use of the property that required a special use permit; and

(b) An Order requiring a public hearing by the Zoning Board of Appeals on the issue of the requested special use of the property at Koenigsmark Park as a skate park; and

(c) An Order preventing the use of the property at Koenigsmark Park as a skate park until such a time as the Zoning Board of Appeals and the City Council have made the proper findings as required by Ordinance and Statute that the special use of the property meets all the criteria and is granted; and

(d) Any additional relief which the Court deems just and reasonable.

## COUNT VIII
### (COMPLAINT FOR WRIT OF MANDAMUS)

52. In the alternative, Plaintiffs re-allege and incorporate by reference paragraphs 1 through 51 in this Complaint as though fully set forth herein.

53. Plaintiffs seek the performance of the Defendant, a public official, which it has failed to perform.

54. Specifically, as the conversion of the tennis courts as Koenigsmark Park to a skate park represented a change in use of the property that should have required a special use permit and a public hearing by the Zoning Board of Appeals pursuant to City Code Section 40-10-2, in conjunction with 65 ILCS 5/11-13-1.1.

55. Based upon the aforementioned City Code and Illinois Statute, the Defendant had a ministerial duty to require a public hearing on the issue of the use of the property at Koenigsmark Park, which included:

    a. Giving public notice of a hearing on the matter;

    b. Conducting a hearing;

    c. Issuing a written determination of findings;

    d. Forwarding that to the City Council; and

    e. The City Council should have voted on the ultimate issue of the issuance of a special use permit for the construction of the skate park.

56. None of the aforementioned actions occurred.

57. Plaintiffs have a clear, legal right to a public hearing, pursuant to City Code Section 40-10-2, in conjunction with 65 ILCS 5/11-13-1.1.

58. Furthermore, Plaintiffs seek this mandamus to enforce rights which are lawfully vested, pursuant to City Code Section 40-10-2, in conjunction with 65 ILCS 5/11-13-1.1.

59. As a proximate result of the defendant's, City of Waterloo, actions as stated above, the defendant, the City of Waterloo, has, within the meaning of Article 1, Section 15, of the

Constitution of the State of Illinois and 735 ILCS 30/10-5-5, taken the Norris' property right in the economic value of Norris' real estate.

60. The defendant, City of Waterloo, contrary to the provisions of Article 1, Section 15, of the Constitution of the State of Illinois and 735 ILCS 30/10-5-5, has failed and/or refused to pay just compensation for the taking of Norris' property right in the economic value of Norris' real estate.

WHEREFORE, the plaintiffs pray this Honorable Court issue a Writ of Mandamus commanding the City of Waterloo to institute proceedings to ascertain the taking value of the plaintiffs' land and to award attorneys' fees, appraisal fees and the costs in the case so made and provided, and that the following relief be entered:

(a) A Writ of Mandamus be entered commanding Defendant, CITY OF WATERLOO, to conduct a public hearing by the Zoning Board of Appeals pursuant to City Code Section 40-10-2, in conjunction with 65 ILCS 5/11-13-1.1, on the issue of the requested special use of the property at Koenigsmark Park as a skate park;

(b) A Writ of Mandamus be entered commanding Defendant, CITY OF WATERLOO, preventing the use of the property at Koenigsmark Park as a skate park until such time as the Zoning Board of Appeals and the City Council have made the proper findings as required by Ordinance and Statute that the special use of the property meets all the criteria and is granted; and

(c) Any additional relief which the Court deems just and reasonable.

**PLAINTIFF'S DEMAND TRIAL BY JURY**

Respectfully submitted,

By:     s/ Michael L. Wager
      Michael L. Wagner, #06256818
      Jennifer L. Barbieri, #06278959
      CLAYBORNE, SABO AND WAGNER
      525 West Main Street, Suite 105
      Belleville, Illinois 62220
      Phone: 618-239-0187
      Fax: 618-416-7556
      mwagner@cswlawllp.com
      jbarbieri@cswlawllp.com