IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARLA NORRIS and SCOTT NORRIS,

    Plaintiffs,

vs.

WATERLOO PARK DISTRICT and CITY OF WATERLOO,

    Defendants.

Case No. 14-cv-323-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Waterloo Park District's and City of Waterloo's Motions to Dismiss (Docs. 26 & 27).  Plaintiffs Marla Norris and Scott Norris have filed their responses (Docs. 30 & 32).  Defendant Waterloo Park District filed a reply (Doc. 31).  For the following reasons, the Court grants Defendants' motions.

Plaintiffs' claims arise from the Waterloo Park District's placement of a skate park in Koenigsmark Park which is approximately 15 feet from the property line of Plaintiffs' residence.  Prior to erecting the skate park at Koenigsmark Park, Defendants sought to construct the skate park at William Zimmer Park.  Property owners adjacent to William Zimmer Park were given an opportunity to object, and Defendants cancelled their plans to build the skate park at William Zimmer Park in response to those objections.  Thereafter, Defendants decided to place the skate park at Koenigsmark Park without giving property owners adjacent to the park a chance to voice their objections.  The skate park constituted a non-confirming use, and Defendants failed to hold a hearing as required by Illinois law.  The use of the skate park creates loud noise, including the shouting of profanities, which disturbs Plaintiffs.  In addition to the noise, the bright lights used

at the facility shine directly on Plaintiffs' property. The skate park is still in use and Plaintiffs continue to endure the noise and bright lights.

Plaintiffs filed their First Amended Complaint alleging the following counts: (1) Count I – Denial of Procedural Due Process pursuant to 42 U.S.C. § 1983; (2) Count II – Denial of Equal Protection pursuant to 42 U.S.C. § 1983; (3) Count III – Abuse of Governmental Power and Denial of Substantive Due Process pursuant to 42 U.S.C. § 1983; (4) Count IV – Abuse of Governmental Power and Violation of Eminent Domain Pursuant to the Illinois Constitution; (5) Count V – Complaint for Inverse Condemnation pursuant 735 ILCS 30/10-5-5; (6) Count VI – Complaint for Damages; and (7) Count VII – Petition for Declaratory Judgment pursuant to 735 ILCS 5/2-701. Counts I through IV are brought against both defendants. Counts V through VII are brought only against the City of Waterloo.

Defendants each filed motions to dismiss. Relevant to the instant Order, with respect to the federal constitutional claims in Counts I, II, and III, each Defendant argues these claims are barred by the statute of limitations and the Court lacks subject matter jurisdiction. Defendants further argue that the Court should decline to exercise pendent jurisdiction over the state law claims upon dismissal of the federal claims. Defendants make additional arguments with respect to the state law claims. Because the Court will resolve Defendants' motions on the statue of limitations and subject matter jurisdiction arguments, the Court need not address the remaining arguments in Defendants' motions.

First, Defendants contend this Court lacks subject matter jurisdiction over Plaintiffs' procedural due process, equal protection, and substantive due process claims. Specifically, Defendants assert these claims are not ripe for adjudication because Plaintiffs have failed to sufficiently plead that they exhausted their state court remedies. Plaintiffs argue they could not

exhaust state remedies because Defendants failed to hold a hearing pursuant to state law from which Plaintiffs could appeal.

In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), the Supreme Court held that prior to adjudicating a takings claim, the following two requirements must be satisfied: "(1) the 'Final Decision Requirement': the plaintiff must demonstrate that he or she received a 'final decision' from the relevant government entity," and "(2) the 'Exhaustion Requirement': the plaintiff must have sought 'compensation through the procedures the State has provided for doing so." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 372 (7th Cir. 2000) (quoting *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186-87, 194 (1985)). "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson*, 473 U.S. at 194-95.

The *Williamson* ripeness standard applies to claims beyond those claims labeled as takings claims. For instance,

> a property owner may not avoid *Williamson* by applying the label "substantive due process" to the claim. [*Gamble v. Eau Claire County*,] 5 F.3d [285], 287-88 [7th Cir. 1994]. So too with the label "procedural due process." Labels do not matter. A person contending that state or local regulation of the use of land has gone overboard must repair to state court.

*River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 167 (7th Cir. 1994); *see also Covington Court, Ltd. v. Vill. of Oak Brook*, 77 F.3d 177, 179 (7th Cir. 1996) (a federal court cannot adjudicate a due process challenge to a taking "if the plaintiff has not exhausted possible state remedies by which to attack the zoning regulation or other state action").

Here, Plaintiffs have admitted in their response that they have not received a final decision from a state court. As such, Plaintiffs' takings and substantive due process claims fit

3

squarely within the holdings of *Williamson* and *Gamble*, and Plaintiffs must first seek recourse in state court.  Further, Plaintiffs cannot now contend that state-law remedies are inadequate because they have asserted pendent state-law claims in their Amended Complaint.  *See Lee v. City of Chicago*, 330 F.3d 456, 367 (7th Cir. 2003).

Plaintiffs' equal protection claim warrants further consideration.  Takings claims labeled as equal protection claims must also meet the *Williamson* ripeness standard.  *Forseth*, 199 F.3d at 370.  However, *bona fide* equal protection claims are not subject to *Williamson*'s ripeness standard.  *Id*.  When alleging an equal protection claim in the land-use context, "[a]bsent a fundamental right or suspect class . . . the plaintiff must demonstrate 'governmental action wholly impossible to relate to legitimate governmental objectives.'"  *Id*. at 370-71 (citing *Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995)).  Equal protection claims in the land-use context have survived

> when the equal protection claim was based on: (1) the malicious conduct of a governmental agent, in other words, conduct that evidences a "spiteful effort to 'get' him for reasons wholly unrelated to any legitimate state objective,"[]; or (2) circumstances, such as a prayer for equitable relief and a "claim [that] would evaporate if the [governmental body] treated everyone equally," that sufficiently suggest that the plaintiff has not raised "just a single takings claim with different disguises."

*Forseth*, 199 F.3d at 371.

Plaintiffs do not allege any malicious conduct of a government agent.  However, they do allege that they were treated differently than the group of homeowners near the previously proposed William Zimmer Park location.  Specifically, Plaintiffs allege they were not given a chance to object to the placement of the skate park while the similarly situated landowners adjacent to William Zimmer Park were given an opportunity to object to the location of the skate park.  Further, Plaintiffs allege there was no rational basis this differential treatment.  These allegations are sufficient to state an equal protection claim.  *Vill. of Willowbrook v. Olech*, 528

4

U.S. 562, 565 (2000) (finding a plaintiff stated an equal protection claim where the governmental entity "intentionally demanded a 33-foot easement as a condition of connecting her property to the municipal water supply where the Village required only a 15-foot easement from other similarly situated property owners").

Plaintiffs' equal protection claim, however, is subject to a two-year statute of limitations. *Clark v. City of Braidwood*, 318 F.3d 764, 766 (7th Cir. 2003). Plaintiffs allege the skate park was opened in "the 4th quarter of 2011." Defendants maintain that the statute of limitations thus expired some time in 2013. Plaintiffs maintain the statute of limitations has not expired because the skate park is a "continuing injury" occurring anew each day the skate park operates.

The "doctrine of continuing violation is one governing accrual, not tolling, and is therefore governed by federal law." *Id*. at 766. Federal law provides that "the continuing violation doctrine does not save an otherwise untimely suit when 'a single event gives rise to continuing injuries' because in such a case 'the plaintiff can bring a single suit based on an estimation of his total injuries.'" *Id*. at 766-67 (quoting *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001)). Here, the single event that gave rise to Plaintiffs' alleged injuries was the Defendants' decision not to allow Plaintiffs to object to the placement of the skate park. Thus, continuing injuries resulting from the violation of Plaintiffs' right to equal protection could have been estimated and brought in a single suit. As such, Plaintiffs' claim, as evidenced by the face of their Amended Complaint, was filed beyond the applicable statute of limitations. The equal protection claim is hereby dismissed.

The remaining claims arise under Illinois state law. As a general rule, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). This rule is subject to the following three exceptions: (1) "when the refiling of the state claims is barred by the statute of limitations"; (2)

"where substantial judicial resources have already been expended on the state claims"; and (3) "when it is clearly apparent how the state claim is to be decided." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007).  Here, the federal claims did not require substantial judicial resources because they were dismissed in the early stages of litigation.  Also, it is not "clearly apparent" how the state would resolve the claims.  Finally, exercising jurisdiction over these state claims will not save them from dismissal pursuant to the statute of limitations.  Defendants argue Plaintiffs' claims are barred by the one-year statute of limitations found in the Illinois Tort Immunity Act.  Plaintiffs argue their claim is not barred because they are suffering a "continuing injury."  They may present this same argument to the state court.

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss (Docs. 26 & 27) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** January 12, 2015

s/ Staci M. Yandle<br>
**STACI M. YANDLE**<br>
**DISTRICT JUDGE**